IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NOE MARQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-02040-L** |
| | § | |
| **FEDERAL NATIONAL MORTGAGE** | § | |
| **ASSOCIATION, a/k/a FANNIE MAE**, and | § | |
| **BAC HOME LOANS SERVICING, LP,** | § | |
| **f/k/a COUNTRYWIDE HOME LOANS** | § | |
| **SERVICING, LP**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss Plaintiff's Petition for Failure to State a

Claim, filed March 7, 2011. Plaintiff Noe Marquez did not respond to this motion. After carefully

considering the motion, brief, appendix, and applicable law, the court **grants in part** and **denies in**

**part** Defendants' Motion to Dismiss Plaintiff's Petition for Failure to State a Claim.

## I.     Factual and Procedural Background

Plaintiff Noe Marquez ("Plaintiff" or "Marquez") originally filed this action in the 116th

Judicial District Court of Dallas County, Texas, on September 27, 2010, against Defendants Federal

National Mortgage Association a/k/a Fannie Mae ("FNMA") and BAC Home Loans Servicing, LP

f/k/a Countrywide Home Loans Servicing, LP ("BAC") (collectively, "Defendants"). Defendants

removed the case to this court on October 8, 2010. In their Notice of Removal, Defendants listed

diversity of citizenship under 28 U.S.C. § 1332(a) and federal question jurisdiction under 28 U.S.C. § 1331 as the two bases for federal jurisdiction.[1]

Plaintiff's Original Petition (the "Petition") asserts the following claims against Defendants: (1) violation of the Texas Debt Collection Act, Chapter 392 of the Texas Finance Code ("TDCA"); (2) violation of the Texas Deceptive Trade Practices Act, Section 17.42 of the Texas Business and Commerce Code ("DTPA"); (3) wrongful foreclosure; (4) void deed; (5) fraud; and (6) negligent misrepresentation.

On December 5, 2006, Plaintiff executed a Promissory Note (the "Note")  in the principal amount of $135,032, which was secured by a Deed of Trust (the "Deed of Trust") to Plaintiff's home located at 916 Pinebrook Drive in Grand Prairie, Texas 75052 (the "Property"). The Deed of Trust named Countrywide Home Loans, Inc., as lender, and Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary. On January 22, 2010, MERS assigned the Note and Deed of Trust to BAC. On May 10, 2010, BAC, purporting to be the mortgagee, filed a Notice of Substitute Trustee Sale ("Notice of Threatened Sale") of the Property scheduled to take place on June 1, 2010

---

[1]Defendants contend that this court has federal question jurisdiction over the present action because Plaintiff's Original Petition states that the court has "jurisdiction of any FDCPA claims pursuant to 15 U.S.C. § 1692k(d); of any TILA claims under 15 U.S.C. § 1640(e); and of any RESPA claims under 12 U.S.C. § 2614." Pl.'s Pet. 2. Although Plaintiff lists these federal statutes in the section of his petition titled "jurisdiction and venue," Plaintiff did not raise these statutes elsewhere in his petition. In any event, the court determines that removal was proper pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. The record establishes that Plaintiff is a citizen of Texas. Defendant FNMA is a citizen of the District of Columbia and Defendant BAC is a citizen of North Carolina. Defs.' Notice of Removal 3. With respect to the amount in controversy, Defendants allege that Plaintiff's DTPA claim permits an award of damages equal to three times the economic damage for knowing violations, that the object of the litigation, the Property, is appraised at greater than $140,000, and that even if Plaintiff's actual damages are less than $75,000, exemplary damages would likely increase the damage amount well over $75,000. The court determines that Defendants have produced enough proof to establish by a preponderance of the evidence that the amount in controversy will exceed $75,000. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (explaining the test the court uses to determine the amount in controversy when the plaintiff's complaint does not state a specific amount of damages). Thus, this court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

(the "Threatened Sale"). The Threatened Sale never occurred. BAC did not appoint a substitute trustee until after filing the Notice of the Threatened Sale. The Appointment of Substitute Trustee was notarized on May 20, 2010, and filed and recorded with the Dallas County Official Public Records on June 7, 2010. The Property was sold to FNMA on July 6, 2010.

Plaintiff alleges that Defendants violated the notice requirements of Chapter 51 of the Texas Property Code in threatening and effectuating the sale of the Property, and that Defendants lacked standing to effectuate such a sale. Further, Plaintiff argues that "there was no authority" to support the Threatened Sale and that the substitute trustee had not been appointed at the time of notice of acceleration was given or at the time of posting. *Id.* at 2. Plaintiff contends that Defendant BAC is unable to produce documentation establishing its "owner and holder status as to promissory notes at the time of foreclosing lien(s)." *Id.* Finally, Plaintiff asserts that Defendants made false representations to Plaintiff in connection with the servicing of Plaintiff's loan and relating to the threatened non-judicial foreclosure. Plaintiff seeks statutory, actual, and exemplary damages, and attorney's fees and costs associated with his claims. Additionally, Plaintiff asks the court to grant injunctive relief relating to foreclosure or any transfer of interest in the Property.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants move to dismiss all of Plaintiff's causes of action for failure to state a claim upon which relief can be granted. Defendants argue that the underlying foreclosure is not a debt collection subject to the TDCA and that Plaintiff does not have standing to assert a DTPA claim. Further, Defendants contend that Plaintiff's remaining claims fail because Plaintiff is not entitled to any relief for wrongful foreclosure, Plaintiff has not pleaded fraud with particularity as required under Rule 9(b) of the Federal Rules of Civil Procedure, and there is no actionable misrepresentation. Plaintiff disagrees.

**Memorandum Opinion and Order – Page 3**

## II.    Standard for Rule 12(b)(6)- Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,

498-99 (5th Cir. 2000).  Likewise, " '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.' "  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III.   Standard for Pleadings Under Rule 8

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain sufficient allegations of fact "that will give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993).[2]

## IV.   Analysis

Defendants seek to dismiss all of Plaintiff's causes of action. Defendants contend that Plaintiff's TDCA claim fails because foreclosure is not a "debt collection" actionable under the statute. Additionally, Defendants contend that Plaintiff does not have standing as a "consumer" to maintain a DTPA claim. Defendants further assert that Plaintiff's wrongful foreclosure claim fails because the Petition did not allege either that an inadequate sales price resulted from the foreclosure sale or that Plaintiff has tendered the amount due on the loan, which precludes rescission of the foreclosure sale. Finally, Defendants contend that Plaintiff's allegations lack a showing of detrimental reliance, which is necessary for Plaintiff's recovery under the fraud and negligent misrepresentation claims. The court addresses each argument and claim in turn.

### A.   TDCA

Plaintiff alleges that "Defendant's actions in threatening to effectuate a substitute sale and effectuating a substitute trustee's sale of the Property" violated the TDCA, specifically Texas Finance Code § 392.301(a)(8). Pl.'s Pet. 2-3. "In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices: . . . threatening to take an action prohibited by law." Tex. Fin. Code Ann. 392.301(a)(8) (West 2006). Plaintiff alleges that Defendant threatened to take an action prohibited by law. Specifically, Plaintiff contends that Defendant failed to give notice of default or an opportunity to cure the potential

---

[2]The court evaluates the TDCA, DTPA, wrongful foreclosure, and void deed claims under the Rule 8 standard rather than under the Rule 9(b) standard applies to a fraud claim.

default as required by §§ 51.002(d)[3] and 51.0025(2)[4] of the Texas Property Code; or, alternatively, gave one or more notices that failed to give adequate notice of sale under §§ 51.002(b)[5] and 51.0025(2) of the Texas Property Code.  Plaintiff also alleges that Defendant misrepresented to him that it owned the mortgage loan, when in fact there was not a complete chain of assignment to Defendant.

Defendants contend that Plaintiff fails to state a claim under the TDCA because foreclosure is not a "debt collection" subject to the TDCA.  Further, Defendants contend that Plaintiff fails to state a claim under the TDCA because Defendants did not threaten to take an action prohibited by law.  Specifically, Defendants assert that foreclosure is permitted under Chapter 51 of the Texas Property Code.  Defendants contend that Plaintiff contractually agreed in the Deed of Trust that foreclosure was a remedy upon Plaintiff's default of the loan and argue that Plaintiff has failed to allege that he was not in default.

Under the TDCA, "debt collection" is defined as "an action, conduct, or practice  in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor."

---

[3]Texas Property Code § 51.002(d) requires that a mortgage servicer of a debt shall serve a debtor in default, under a deed of trust on real property used as the debtor's residence, by certified mail; and must give the debtor at least 20 days to cure the default before notice of sale can be given.

[4]Texas Property Code § 51.0025(2) provides that:
> A mortgage servicer may administer the foreclosure of property under 51.002 on behalf of a mortgagee if . . . the notices required under 51.002(b) disclose that the mortgage servicer is representing the mortgagee under a servicing agreement with the mortgagee and the name of the mortgagee and: (A) the address of the mortgagee; or (B) the address of the mortgage servicer, if there is an agreement granting a mortgage servicer the authority to service the mortgage.

[5]Texas Property Code § 51.002(b) details the notice requirements for a sale of real property conferred by a deed of trust.

**Memorandum Opinion and Order – Page 7**

Tex. Fin. Code Ann. § 392.001(5) (West 2006).  A "consumer debt" is "an obligation, or an alleged

obligation, primarily for personal, family, or household purposes and arising from a transaction or

alleged transaction." *Id.* § 392.001(2).  A "creditor" is "a party, other than a consumer, to a

transaction or alleged transaction involving one or more consumers." *Id.* § 392.001(3).  Finally, a

"consumer" is "an individual who has a consumer debt." *Id.* § 392.001(1).

The Texas Supreme Court has yet to address whether the act of foreclosure is a "debt

collection" under the TDCA.  "[I]ntermediate Texas appellate courts have decided cases involving

foreclosure-related claims under the [TDCA] without suggesting that foreclosures do not qualify as

'debt collection.'" *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d. 725, 731 (N.D. Tex.

Feb. 10, 2011) (Fitzwater, C.J.) (citing *Blanche v. First Nationwide Mortg. Corp.*, 74 S.W.3d 444,

453 (Tex. App. 2002, no pet.).  Similarly, intermediate courts have held that other acts relating to

the foreclosure of real property, such as wrongful acceleration of a real estate note, can violate the

TDCA.  *Id.*  Moreover, the TDCA itself seems to contemplate the inclusion of claims involving

foreclosure actions by specifically excluding application of § 392.301(a)(4) to a person "servicing

or collecting real property first lien mortgage loans or credit card debts."  Tex. Fin. Code Ann. §

392.304(b) (West 2011); *see also Biggers*, 767 F. Supp. 2d at 731-32 (reasoning from the language

in the statute itself that "it appears the [TDCA] applies to foreclosure actions" because one way of

collecting real property first lien mortgage is through foreclosure).

Defendants rely heavily on cases interpreting the federal Fair Debt Collection Practices Act

(the "FDCPA") and other state debt collection statutes, which hold that debt collection does not

include acts of foreclosure.  *See, e.g., Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204,

1206 (D. Or. 2002).  Defendants argue that the statutes should be similarly construed because the structure of the TDCA is modeled after the FDCPA.  While Defendants are correct in pointing out that the FDCPA and TDCA are similar, the TDCA is much broader than the FDCPA.  For example, although  both the FDCPA and TDCA apply only to "debt collectors" seeking to collect consumer debt, the TDCA's definition of "debt collectors" is also intended to encompass creditors collecting their own debts.  *Monroe v. Frank*, 936 S.W.2d 654, 659-60 (Tex. App. — Dallas 1996, writ dism'd w.o.j.) (explaining that the Texas statute, although similar to the federal statute, is distinguishable in part because "[u]nlike the federal statute, the Act does not require that debt collection be the principal business of a debt collector.").  Decisions of other states are not binding on this court, and the differences between the TDCA and the FDCPA distinguish the two statutes. *Biggers*, 767 F. Supp. 2d at 732 ("[F]ederal decisions can be distinguished on the ground that the TDCPA contains different definitions for the terms 'debt collector' and 'debt' than are found in the FDCPA, and the FDCPA does not define the term 'debt collection,' whereas the TDCPA does."); *see also Akintunji v. Chase Home Fin., L.L.C.*, No. H-11-389, slip op. at 3 (S.D. Tex. June 20, 2011) (citation omitted) ("Unlike the FDCPA, the [TDCA] encompasses foreclosure activities by mortgage holders.").  Based on the statutory framework and rendition and the status of Texas case law, the court agrees with the reasoning in *Biggers* that the TDCA can apply to acts of foreclosure on real property.[6]

---

[6]"When state law provides no definitive answers to the question presented, we must make an educated 'Erie guess' as to how the [state] Supreme Court would resolve the issue." *Travelers Cas. & Sur. Co. of Am. v. Ernst & Young LLP*, 542 F.3d 475, 482-83 (5th Cir. 2008).  "In making an *Erie* guess, we defer to intermediate state appellate court decisions, unless convinced by other persuasive data that the highest court of the state would decide otherwise." *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002) (internal quotation marks omitted).

Even assuming that foreclosure is a "debt collection" subject to the TDCA, Plaintiff has failed to plead plausible factual allegations that rise above "mere speculation." While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Here, Plaintiff merely states that "defendant failed to give notice" that complied with the Texas Property Code and that it "appears that Defendant did not own the loan of record." Pl.'s Pet. 3. This is not a sufficient factual basis on which the court could reasonably infer that Defendants are liable for the misconduct alleged. The pleadings contain no factual detail as to when Plaintiff's loan went into default, what type of notice, if any, Plaintiff received, whom gave the deficient notice, or the nature of the defect in the notice or notices involved. In sum, Plaintiff has failed to allege with any specificity the type of conduct in which Defendants have engaged in to constitute violations of the Texas Finance Code.

The court determines that more specific allegations are necessary to put Defendants on fair notice of the claims being asserted. The allegations must be sufficient for the court to draw the reasonable inference that Defendants are liable for the misconduct alleged. The court will allow Plaintiff an opportunity to cure these deficiencies and replead his claim with greater specificity.

### B.   DTPA

Plaintiff contends that he is entitled to recover under the DTPA for Defendants' violations of the TDCA by incorporation into the DTPA.[7] Plaintiff relies on the alleged violations of the TDCA as his sole basis of recovery under the DTPA. Defendants contend that Plaintiff's DTPA

---

[7]*See* Tex. Fin. Code § 392.404(a) ("A violation of this chapter is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under that subchapter.").

claim fails because Plaintiff is not a "consumer" entitled to maintain an action under the DTPA.
Under Texas law, the elements of a DTPA claim are: "(1) the plaintiff is a consumer, (2) the
defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing
cause of the consumer's damages." *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 478
(Tex. 1995) (citing Tex. Bus. & Commerce Code § 17.50(a)(1) (West 1995)).  A "consumer" is
defined as "an individual . . . who seeks or acquires by purchase or lease, any goods or services . .
. ." *Id.* § 17.45(4).  Although the DTPA tie-in statute grants a private right of action to plaintiffs
seeking to recover under the TDCA, a plaintiff must still qualify as a consumer to maintain a DTPA
claim in all cases.  *Mendoza v. American Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.—San
Antonio 1996, no writ).

    A person who only seeks to borrow money is not a consumer, within the meaning of the
DTPA, because lending money involves neither a good nor a service.  *La Sara Grain Co. v. First
Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566 (Tex. 1984).  Although a loan is not in itself a good
or service, a lender may be subject to a DTPA claim if the borrower's objective is the purchase of
a good or service.  *Id.* at 567.  The determining factor is whether the purchase or lease of a good or
service was "an objective of the transaction, not merely incidental to it." *FDIC v. Munn*, 804 F.2d
860, 865 (5th Cir. 1986).

    In this case, Plaintiff obtained a loan to purchase the Property, and it is clear from the record
that Plaintiff's objective was the purchase of his residence.  Any servicing or administration of the
loan was incidental to that objective.  Plaintiff was not seeking to purchase a good or service with
respect to the servicing of his loan.  From what the court can ascertain, Marquez's sole purpose was

to borrow money to pay for the Property.  Accordingly, the court determines that Plaintiff is not a consumer for purposes of the DTPA and, therefore, does not have standing to maintain a DTPA action. To the extent that Defendants seek dismissal of Plaintiff's DTPA claim, Defendants' motion to dismiss will be granted.

### C.    Wrongful Foreclosure

Marquez also contends that BAC wrongfully foreclosed against him.  He asserts that BAC's "threatened non-judicial foreclosure" was wrongful and would "permit Defendant to perpetuate a course of wrongful conduct." Pl.'s Pet. 5.  Among the wrongful conduct, Plaintiff alleges BAC failed to comply with Texas common law and applicable Texas statutory provisions, including the TDCA and DTPA.  Further, Plaintiff argues that BAC lacked standing to threaten or conduct a substitute trustee's sale of the Property because BAC could not prove ownership or possession of the Note at the time of threatening foreclosure.

Defendants contend that Plaintiff fails to state a claim for wrongful foreclosure.  Specifically, Defendants contend that Plaintiff's wrongful foreclosure claim fails because the sale did not result in a grossly inadequate sales price.  Further, Defendants allege that Plaintiff did not plead that he has tendered the amount due on the loan, which precludes rescission of a foreclosure sale.

To state a claim for wrongful foreclosure, a plaintiff must show: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied)).  In a "wrongful

foreclosure" claim, it is not enough to merely show a defect in the foreclosure process, the plaintiff must also show that an inadequate sales price resulted from the defect alleged.  "[T]he measure of damages is the difference between the value of the property in question at the date of foreclosure and the remaining balance due on the indebtedness."  *Farrell v. Hunt*, 714 S.W.2d 298, 299 (Tex. 1986) (citations omitted).

Even if the court assumes that the alleged wrongful conduct is plausible, Plaintiff has failed to plead factual allegations that would enable the court to reasonably infer that BAC is liable for a wrongful foreclosure claim. Plaintiff has failed to plead that an inadequate sale price resulted, which is a necessary element of a wrongful foreclosure action.  Significantly, Plaintiff only asserts wrongful foreclosure with regards to the Threatened Sale.  Plaintiff does not assert any wrongful foreclosure claims with respect to an actual sale; instead, Plaintiff's allegations are based only on Defendants' wrongful conduct in preparation for foreclosure. As Defendants correctly point out, Texas courts have yet to recognize a cause of action for "attempted wrongful foreclosure." *See Port City State Bank v. Leyco Constr. Co.*, 561 S.W.2d 546, 547 (Tex. Civ. App. —Beaumount 1977, no writ). Additionally, there can be no recovery for wrongful foreclosure if the mortgagor does not lose possession of the home. *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App. —San Antonio 1998, no pet.) (explaining that under Texas law recovery for wrongful foreclosure "is conditioned on the disturbance of a mortgagor's possession" of real property, and therefore, "where a mortgagor's possession is undisturbed, he has suffered no compensable damage" under a theory of wrongful foreclosure).

Plaintiff does not allege that he ever lost possession of the Property and, thus, Plaintiff has not shown that he can recover for wrongful foreclosure. Plaintiff's pleadings indicate that he *is* in possession of the property. The Petition states, "Plaintiff seeks injunctive relief to bar . . . any forcible detainer . . . by Defendant or otherwise." Pl.s' Orig. Pet. at 4. By requesting this relief, Marquez seeks to prevent FNMA from gaining possession of the property. Plaintiff has failed to assert a plausible claim for wrongful foreclosure. Accordingly, the court will dismiss Plaintiff's wrongful foreclosure claim for failure to state a claim upon which relief can be granted.

### D.     Void Deed

Alternatively, Plaintiff argues that the substitute trustee's deed, executed pursuant to the Actual Sale, is void because Defendant violated the notice requirements of Chapter 51 of the Texas Property Code and "lacked standing to notice and conduct such a sale." Pl.'s Pet. 5. Plaintiff does not make any additional factual allegations to support his claim. Again, Plaintiff fails to plead sufficient factual allegations to support his claim.[8] Further, Plaintiff neither cites authority nor references the provisions contained in the Deed of Trust in support of his contention that the deed executed pursuant to the Actual Sale is void. A court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs.*, 401 F.3d at 642 (citations omitted). Accordingly, Plaintiff's claim of void deed against Defendants fails to state a claim upon which relief can be granted. The court will allow Plaintiff to replead the void deed claim with greater specificity.

_____

[8]For example, the Texas Supreme Court has held that where a mortgagor was not in default in his payments of annual interest in notes secured by a deed of trust, and the substitute trustee did not personally conduct the foreclosure sale, the foreclosure sale and trustee's deed were void because the powers conferred in the deed of trust were not strictly followed. *See Slaughter v. Qualls*, 139 Tex. 340, 346 (Tex. 1942).

**Memorandum Opinion and Order – Page 14**

### E.      Fraud and Negligent Misrepresentation

The court will address Plaintiff's fraud and negligent misrepresentation claims together because the claims arise from the same factual allegations, and the pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure applies to each claim. *See Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 n.3 (5th Cir. 2010) ("[T]his court has applied the heightened pleading requirements [of Rule 9(b)] when the parties have not urged a separate focus on the negligent misrepresentation claims such as when fraud and negligent misrepresentation claims are based on the same set of alleged facts.") (internal quotation marks omitted). Plaintiff's Petition incorporates all factual allegations set forth in the petition into the fraud claim as well as the negligent misrepresentation claim and makes no distinction between the factual allegations forming the basis for either claim.[9] Accordingly, the heightened pleading standard of Rule 9(b) applies to both claims.

Rule 9(b) of the Federal Rules of Civil Procedure requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotation marks and citations omitted).  To satisfy this requirement, a plaintiff must allege "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the

---

[9]Plaintiff's fraud claim is "based upon the facts alleged above" as well as the facts "herein below, which are incorporated herein by reference." Pl.'s Pet. 3. Similarly, Plaintiff's negligent misrepresentation claim "incorporates [ ] all of the factual allegations set forth elsewhere in this petition." *Id.*

**Memorandum Opinion and Order – Page 15**

misrepresentation and what that person obtained thereby." *Tuchman v. DCS Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (internal quotation marks omitted).

Plaintiff's fraud allegations  wholly fail to identify any of the particulars of time, place, and contents of the alleged false representations. Additionally, Plaintiff does not identify who made the alleged false representations or what that person obtained as a result of making the false representations.  Although Plaintiff does allege that he made "payments to a servicer purporting to act for Defendant, in connection with the loan," Plaintiff fails to identify any details relating to this transaction. Pl.'s Pet. 3.  Plaintiff's Petition falls short of alleging facts that would put Defendant on fair notice of the claims being asserted and the bases therefor.  The court determines Plaintiff has failed to state a plausible claim of fraud.

The court will next consider Plaintiff's negligent misrepresentation claim. Under Texas law, the elements of a cause of action for negligent misrepresentation are:

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*First Nat'l Bank of Durant v. Trans Terra Corp. Int'l*, 142 F.3d 802, 809 (5th Cir. 1998) (quoting *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)).

While Plaintiff's claim states the basic elements of a negligent misrepresentation claim, the allegations relating to misrepresentation are conclusory in nature and lack the factual specificity required for the heightened 9(b) pleading standard. Marquez states that BAC made representations

**Memorandum Opinion and Order – Page 16**

to Plaintiff in the course of BAC's servicing of the loan, but he does not allege the content of the representation or when the representation occurred. Plaintiff asserts that BAC incorrectly communicated whether or not it had the legal capacity to threaten to enforce or enforce the lien on the Deed of Trust, but Plaintiff fails to allege how Plaintiff justifiably relied on these misrepresentations to his detriment. In any event, Plaintiff's allegations fail to plead with particularity the nature of the negligent misrepresentation claims pursuant to Rule 9(b), and, therefore, the court is unable to draw a reasonable inference that Defendants are liable for the conduct alleged. The court will allow Plaintiff an opportunity to cure these deficiencies and replead the fraud and negligent misrepresentation claims with greater specificity.

### F. Injunctive Relief

Defendants also move to dismiss Plaintiff's request for preliminary and permanent injunctive relief. Plaintiff seeks injunctive relief to bar any further transfer of interest in the Property, to bar any forcible detainer or foreclosure proceeding, to stay any proceeding in any other court to seek foreclosure or possession of the Property by any party, and an order barring any future violations of the TDCA. Defendants contend that Plaintiff's request for injunctive relief should be dismissed for failure to state a claim. The elements of a permanent injunction are essentially the same as those for a preliminary injunction "with the exception that the plaintiff must show actual success on the merits rather than a mere likelihood of success." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987). There are four prerequisites for the extraordinary relief of a preliminary injunction. A court may issue a preliminary injunction only when the movant establishes that:

**Memorandum Opinion and Order – Page 17**

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*)).  The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a preliminary injunction can be granted.  *Mississippi Power & Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993.  Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the preliminary injunction.

As Plaintiff will be given a chance to replead, dismissal of his request for preliminary or permanent injunction is premature at this juncture.  Accordingly, the court will deny without prejudice Defendants' motion as to dismissal of Plaintiff's request for injunctive relief.

**V.    Conclusion**

For the reasons stated herein, the court **grants in part** and **denies in part** Defendants' Motion to Dismiss Plaintiff's Petition for Failure to State a Claim.  The court **grants** Defendants' Motion to Dismiss as to Plaintiff's DTPA claim and **dismisses** the claim **without prejudice,** as Plaintiff does not have standing.  Further, the court **grants** Defendants' Motion to Dismiss as to Plaintiff's claim for wrongful foreclosure and **dismisses** the claim **with prejudice** for failure to state a cognizable legal claim. Defendants' Motion to Dismiss is **denied without prejudice** in all other respects. Plaintiff is **ordered** to replead his remaining claims relating to the TDCA, void deed, fraud, and negligent misrepresentation with greater specificity to cure the identified deficiencies and

comply with the Rule 12(b)(6) and Rule 9(b) standards.[10]  The amended complaint shall be filed no later than **September 6, 2011, 5:00 p.m.**

*If Plaintiff fails to amend in accordance with this opinion and cure the deficiencies identified by the court, Defendants may renew their motion to dismiss, or the court may dismiss this action sua sponte pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or pursuant to Rule 41(b) for failure to comply with a court order.*

**It is so ordered** this 23rd day of August, 2011.

Sam A. Lindsay
United States District Judge

---

[10]As this case was originally filed in state court, Plaintiff did not plead his claims with the federal pleading standards in mind. The court finds that the defects in Plaintiff's remaining claims are potentially curable and Plaintiff has not indicated to the court that he is unable or unwilling to file an amended complaint. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter Co.*, 313 F.3d 305, 329 (5th Cir. 2002).